UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DARWIN JOSUE FLORES VALLE,

Petitioner,

v. Case No.: 2:26-cv-02629-SPC-KRH

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.

______________________________/

**OPINION AND ORDER**

Before the Court are Darwin Josue Flores Valle's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 4).

Flores Valle is a 31-year-old native and citizen of Honduras who entered the United States on May 9, 2022. The Department of Homeland Security commenced removal proceedings by issuing a notice to appear and released him into the country pending a resolution of the case. Flores Valle applied for asylum and received work authorization. He has no criminal history whatsoever, and he currently resides in Florida with his wife and stepson. On June 29, 2026, Immigration and Customs Enforcement arrested Flores Valle while conducting immigration enforcement operations.

Flores Valle claims his detention violates the Fifth Amendment because the government has provided no process. In response, the government

confirms it will not conduct a bond hearing because it considers Flores Valle an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). As the government acknowledges, its position is contrary to binding Eleventh Circuit precedence. In *Hernandez Alvarez*, the Eleventh Circuit held, "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior. By interpreting § 1225 to stretch far beyond the border and ports of entry, the Government vitiates this longstanding distinction." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).

The Court turns to the merits of Flores Valle's due process claim. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private

interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Flores Valle's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Second, the risk of erroneous deprivation of that interest is substantial here. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). It is the government's position that Flores Valle is subject to mandatory detention despite the absence of any special justification simply because it classifies him as an "arriving alien." Without some consideration of the facts, there is nothing to ensure immigration detention serves its statutory purposes and is used in accordance with the Constitution and the laws enacted by Congress.

Third, the government has not established any legitimate interest in Flores Valle's continued detention. Immigration detention has two statutory

goals: to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community. *Zadvydas*, 533 U.S. at 690. Flores Valle's detention serves neither purpose. With his asylum application pending, he has a plausible pathway to lawful residence and thus ample incentive to continue participating in his immigration case. The record is devoid of any evidence suggesting Flores Valle is a flight risk. Nor is there evidence he is a danger to the community. There is no evidence Flores Valle has any criminal history whatsoever.

For these reasons, the Court finds that the government violated Flores Valle's Fifth Amendment rights by detaining him without due process.

Accordingly, it is hereby

**ORDERED**:

Darwin Josue Flores Valle's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Flores Valle and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 7, 2026.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record